MARY HAUGHEY, AS ADMINISTRATRIX OF ANDREW BRAD-
LEY, DECEASED, RESPONDENT, v. ERASMUS WRIGHT AND
BENSON SMITH, APPELLANTS.

*Comparison of handwriting — when permitted — Code, § 399.*

In an action by the holder of a promissory note for $300 against the makers,
the defense was forgery; the defendants claiming that they never gave a note
for that amount, but had given one for $250. Upon the trial, the referee,
against the defendants' objection that it lead to a comparison of handwriting,
allowed questions to be put to a witness to show that the body of the note, as
well as the signature, was in the handwriting of the defendant. *Held,* that the
evidence was properly admitted.

Under section 399 of the Code, proof leading to the inference that no personal
transaction took place with the deceased is equally inadmissible with evidence
that one did take place.

APPEAL from a judgment in favor of the plaintiff, entered upon
the report of a referee.

*Rumsey & Miller,* for the appellants. The objection made to
the question asked of defendant — " Is the body of the note in
your handwriting ? "— was improperly overruled. It was not a per-
sonal transaction with the intestate of the plaintiff, and the defend-
ant was not incompetent under section 399 of the Code. (*Simmons*
v. *Sisson,* 26 N. Y., 264; *Franklin* v. *Pinkney,* 18 Abb. Pr., 186 ;
*Kerr* v. *McGuire,* 28 N. Y., 446, 452; *Daniels' Exr.* v. *Foster,* 26
Wis., 686, 692.)

*A. A. White,* for the respondent. The several offers to prove by
the defendant Smith that he did not sign the note were properly
excluded under section 399 of the Code. (*Barry* v. *Galvin,* 37
How., 310; *Mulqueen* v. *Duffy's Admrs.,* 6 Hun, 299 ; *Baldwin's
Admrs.* v. *Smidt,* 5 id., 454; *Le Clare* v. *Stewart,* 8 id., 127; 62 N.
Y., 80, 83 ; *Howell* v. *Van Siclen, Exec.,* 6 Hun, 115 ; *Resscquie* v.
*Mason,* 58 Barb., 89 ; *Ross* v. *Ross and another, Executors,* 6
Hun, 182 ; *Conway* v. *Moulton,* id., 650.) The answer to the ques-
tion as to whether the body of the note was in Smith's handwriting
was properly received as the circumstances connected with the
inception of the note were legitimate subjects of investigation.
(*Dubois' Admrs.* v. *Baker,* 30 N. Y., 355.)

TALCOTT, J.:

This is an appeal from a judgment for the plaintiff entered on the report of a referee. The action was upon a promissory note claimed to have been given by the defendants as copartners, to the intestate in his lifetime.

The defense was, that the note sued on was a forgery. The appellant seeks a reversal of the judgment on the ground that the referee made erroneous rulings concerning the admission and rejection of evidence.

The referee allowed questions to be put to witness to show that the "body" of the note, as well as the signature, was in the handwriting of the defendant Smith. The appellant objects to this evidence as immaterial and that it leads to a comparison of hands. A comparison of hands between papers legitimately in evidence in the case for other purposes is not inadmissible, but the inquiry as to the handwriting of the body of the note was particularly relevant in this case, as the defendants claimed that they never gave a note for $300, but did give one for $250. To prove, therefore, that the whole note, including the amount, was in the handwriting of Smith, one of the defendants, was pertinent. The defendants also excepted to the exclusions of certain questions which they proposed to put to the defendant Smith. All of which were attempts to prove by him that he did not sign the note, which, in the various forms in which the questions were worded, were objected to by the plaintiff as incompetent under the three hundred and ninety-ninth section of the Code. The note purported to have been made to Andrew Bradley, the deceased, personally; *prima facie*, therefore, the plaintiff, when proving the genuineness of the note, proved a contract made with the deceased, personally.

The defendant, it seems, admitted the giving of a note by the defendants, who were partners, to the deceased, personally, on a settlement with him; it must have been claimed, therefore, that the note sued on was the note given by the defendants, and had been altered in regard to the amount, or that the note in suit had been substituted in place of a $250 note given to the deceased personally. The offer was therefore objectionable, under the three hundred and ninty-ninth section, as it seems that under that section proof that no personal transaction with the deceased took place is equally

inadmissible with evidence that one did take place, and evidence leading to the inference, that such a transaction did or did not take place personally, with the deceased, is held to be within the mischiefs which the three hundred and ninety-ninth section was designed to guard against. (*Dubois* v. *Baker*, 30 N. Y., 355, affirming S. C., 40 Barb., 556; *Howell* v. *Van Siclen*, 6 Hun, 116.) The appellant, in his printed points, states that the objection that the testimony was forbidden by the three hundred and ninety-ninth section, was not made; but by a manuscript alteration of the case, it now appears that all the objections to the examination of the defendant Smith, were placed on the same ground as the first objection, which was, that it related to a personal transaction between the defendant and Andrew Bradley, deceased, and was offered against the administratrix of the latter.

The judgment is affirmed.

Present — TALCOTT, P. J., SMITH and MERWIN, JJ.

Judgment affirmed.